```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

ERIC SWEETING,                    *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *  CIVIL ACTION NO. 21-00132-TFM-B
                                  *
SHAUNA DELORME, et al.,           *
                                  *
     Defendants.                  *
```

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Eric Sweeting, who is proceeding *pro se*, filed a complaint and paid the filing fee for a civil action in March 2021. (Docs. 1, 1-2). In his complaint, Sweeting complained of actions taken by the State of Alabama Department of Human Resources ("DHR") and two DHR employees after he "was falsely reported by hospital staff to Child Protection Services (DHR) for suspicion of sexual abuse" of his six-year-old daughter. (Doc. 1 at 3-6). Sweeting alleged that as a result of the Defendants' conduct, he had been falsely reported for child abuse and arrested, had been unable to see or communicate with his five daughters, had lost his home, had incurred legal fees, had been ordered to pay child support, and had suffered humiliation, loss of reputation, and emotional distress. (Id. at 6). Sweeting appeared to allege that Defendants' conduct violated the "Child Abuse Prevention Act of 1974," the "Federal False Claims

1

Act 31 USC 3729," the "Emergency Medical Treatment and Active Labor Act," the "Anti-Kickback Statute," the "Kidnapping Act," "18 USC 875," and the Fourth, Sixth, and Ninth Amendments. (Id. at 2). Sweeting requested compensatory and punitive damages in the amount of $1 million. (Id. at 6).

Pursuant to 28 U.S.C. § 636(b)(1), this action was referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 2). On April 2, 2021, the undersigned recommended that the Court abstain from exercising jurisdiction pursuant to the Younger abstention doctrine,[1] and that this action be stayed pending the completion of Sweeting's state court criminal proceedings. (Doc. 3). On May 18, 2021, the Court adopted the undersigned's report and recommendation, stayed this action pending completion of Sweeting's state court criminal proceedings, and ordered Sweeting to file regular reports regarding the status of his pending criminal proceedings. (Doc. 6).

As ordered, Sweeting filed monthly status reports for more than two years which stated that he was awaiting trial in Alabama state court. (See Docs. 7 – 34). Then, in a filing dated September 27, 2023, Sweeting notified the Court that the State of Alabama had dropped all criminal charges against him. (Doc. 35). On

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

October 5, 2023, the undersigned ordered Sweeting to file a written notice informing the Court whether he desired to proceed with the litigation of this action. (Doc. 36). On October 19, 2023, Sweeting filed a motion requesting "that the Stay of Proceedings be lifted and that this Honorable Court issue a scheduling order setting forth appropriate case deadlines." (Doc. 37).

On October 25, 2023, the Court entered an order lifting the stay of this action and directing Sweeting to file an amended complaint by November 22, 2023, in order to address and correct pleading deficiencies in his original complaint.[2] (Doc. 38). On November 22, 2023, instead of filing an amended complaint as directed, Sweeting filed a motion requesting another stay of this action "due to Plaintiff desiring to retain counsel and to amend the initial complaint due to new information being revealed since the initial filing at the two-year point and now is approaching the five-year point in time of the initial event." (Doc. 39).

In an order dated December 4, 2023, the Court denied Sweeting's motion requesting a stay, noting that he had already had ample time to find counsel, that nothing was preventing him

---

[2] The Court found that Sweeting's complaint was an impermissible shotgun pleading because it failed to make clear what causes of action he was asserting, failed to delineate his claims into separate numbered counts, and failed to specify which of the Defendants each claim was brought against and what each Defendant did or failed to do that violated the statutes or constitutional provisions cited in the complaint. (Doc. 38 at 7-8).

3

from including any new information in an amended complaint filed in response to the Court's order, and that he had not adequately explained why he was requesting another stay so soon after asking the Court to lift the two-plus-year stay of this action. (Doc. 40 at 2-3).

In the same order, the Court noted that Sweeting had failed to comply with the order for him to file an amended complaint by November 22, 2023. (Id. at 3). In light of Sweeting's *pro se* status and the possibility that he had moved for a stay in lieu of filing an amended complaint, the Court *sua sponte* extended the deadline for Sweeting to file a complying amended complaint to January 5, 2024. (Id.). Sweeting was cautioned that if he failed to file an amended complaint by January 5, 2024, the undersigned would recommend that this action be dismissed, and that there would be no further warnings. (Id.).

To date, Sweeting has not filed an amended complaint, despite initially being ordered to do so by November 22, 2023, and subsequently having that deadline extended to January 5, 2024. Sweeting has not requested additional time to file an amended complaint, he has not indicated that he was unable to file an amended complaint within the time provided,[3] and he has provided

---

[3] The undersigned notes that Sweeting timely filed a second amended complaint in a related action on December 22, 2023. See Sweeting v. Garrett, No. 1:21-cv-00127-TFM-B, ECF No. 44.

4

no explanation for his failure to file an amended complaint as ordered. Additionally, the docket reflects that none of the orders or documents sent to Sweeting in this case have been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Sweeting has not filed an amended

complaint, despite the Court's clear warnings that if he failed to timely file an amended complaint as directed, the undersigned would recommend that this action be dismissed.  Sweeting has not explained his failure to file an amended complaint, indicated that he is unable to file an amended complaint for some reason, or sought additional time within which to file an amended complaint. Sweeting's failure to file an amended complaint as directed, particularly when considered along with the fact that Sweeting recently filed a second amended complaint pursuant to this Court's order in a separate action, suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Sweeting's apparently willful failure to obey the Court's orders to file an amended complaint and his apparent abandonment of the prosecution of this action, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice to induce his compliance.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **January, 2024.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**